IN THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

KING OF KINGS, INC.
12942 Clear Ridge Road
Knoxville, Tennessee 37922-0619

        Plaintiff

vs.                    No. B3LA0076

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY
with service of process through the Commissioner
of Insurance & Banking, Dept. of Commerce, 500
James Robertson Parkway
Nashville, Tennessee 37243

        Defendant

2013 MAR 28 P 3: 36 FILED

## COMPLAINT

Comes the Plaintiff, King of Kings, Inc., by and through counsel, and sues the Defendant, Nationwide Property & Casualty Company, and for cause of action states as follows:

1. The Plaintiff is a Tennessee corporation, that owned and operated the Super 8 Hotel, located at 1590 Oak Ridge Road, Oak Ridge, Tennessee.

2. The Defendant is a corporation authorized to do business in the state of Tennessee with its corporate office being located at One Nationwide Plaza, Columbus, Ohio 43215-2220, and may be served with process through the Commissioner of Insurance & Banking, Department of Commerce, 500 James Robertson Parkway, Nashville, Tennessee 37243.

3. The Plaintiff was issued insurance policy No. ACP BPMK 5633267832 ("Policy") on April 1, 2007, by the Defendant. Pursuant to Rule 10.03 of the Tennessee Rules of Civil

1

**EXHIBIT A**

Procedure, a copy is not attached inasmuch as it is an insurance policy and is in the possession of the Defendant.

4. Coverage under the Policy included loss as a consequence of wind and water damage, as well as to business personal property and loss of business income.

5. On February 28, 2011, the Super 8 Hotel, located at 1590 Oak Ridge Road, Oak Ridge, Tennessee, owned by Plaintiff, sustained significant damage as a result of severe winds and high volumes of water caused by thunderstorms.

6. On September 17, 2012, Poovindran Pillay, President of King of Kings, Inc., filed a Sworn Statement in Proof of Loss, on behalf of Plaintiff, with the Defendant under the terms of the Policy in the amount of $ 1,186,217.21 for damages sustained as a result of the wind and water damage. A copy of the claim is attached as Exhibit A.

7. Defendant paid Plaintiff the total sum of $654,877.76, where Plaintiff believes that the actual value is $1,161.891.20, leaving a disputed amount of $507,013.44 Over the last several months, Plaintiff delivered volumes of estimates and details substantiating the value of the covered property. Plaintiff also provided Defendant with a spreadsheet identifying the actual value of the claim. The spreadsheet is attached as Exhibit B.

8. Defendant was given a deadline of January 9, 2013, to resolve the dispute. Defendant has failed to satisfy the outstanding portion of the claim for more than sixty (60) days. Moreover, throughout the process there have been numerous times in which Defendant had little, or no communication with Plaintiff, for months; and further that as a direct result of Defendant's delay and/or refusal to pay the loss Plaintiff suffered additional expense, loss or injury.

9. The Defendant breached its contractual duty to pay Plaintiff's claims filed under the Policy.

2

10. The Defendant's failure to pay Plaintiff's claims constitutes bad faith conduct under the provisions of section 56-7-105(a) of the Tennessee Code Annotated and such bad faith conduct caused the Plaintiff to have to secure the services of an attorney in order to recover Plaintiff's claims against Defendant under the Policy. The bad faith conduct entitles the Plaintiff to recover from the Defendant an additional twenty-five (25%) of the Plaintiff's claims under the provisions of Section 56-7-105(a) of the Tennessee Code Annotated.

WHEREFORE, Plaintiff prays as follows:

1. That proper service of process issue and that the Defendant be served as required by law.

2. That the Defendant answer Plaintiff's Complaint within the time proscribed by law.

3. That the Court find and enter a judgment that the Defendant had breached its contractual obligations under Policy No. ACP BPMK 5633267832 to the Plaintiff and that the breach is in bad faith and in violation of the provisions of Section 56-7-105(a) of the Tennessee Code Annotated.

4. That the Court find and enter a judgment against the Defendant in favor of the Plaintiff awarding the Plaintiff the sum of $507,013.44, as compensatory damages plus twenty-five percent (25%) of the compensatory damages pursuant to Section 56-7-105(a) of the Tennessee Code Annotated.

5. That the Plaintiff have and recover from the Defendant such other and further relief to which the Court deems the Plaintiff to be equitably and/or legally entitled, and that the costs of this cause be assessed against the Defendant.

6. That a jury be impaneled to try the issues of this cause.

Respectfully submitted this 28th day of March, 2013.

                                      KING OF KINGS, INC.

                                      By:_____
                                      Poovindran Pillay, President
                                      12942 Clear Ridge Road
                                      Knoxville, Tennessee 37922-0619

                                      _____
                                      Derek L. Spratley BPR# 016914
                                      Attorney for Plaintiff
                                      The Spratley Firm
                                      448 N. Cedar Bluff Ln. #356
                                      Knoxville, Tennessee 37923
                                      Phone: 865-740-1601
                                       Fax:   865-249-6913
                                      Email: dlspratley@aol.com

4

Case 3:13-cv-00244-CLC-CCS   Document 1-1   Filed 05/03/13   Page 4 of 12   PageID #: 8

## COST BOND

KING OF KINGS, INC., by and through Poovindran Pillay, President, as Principal, and The Spratley Firm as Surety, are held and firmly bound unto the Clerk for the Court for Knox County, Tennessee, for the payment of all costs awarded against the principal. To that end, we bind ourselves, our heirs, executors and administrators.

The Principal is commencing legal proceedings in the Circuit Court for Anderson County, Tennessee. If the Principal shall pay all costs which are adjudged against them, then this obligation is void. If the principal fails to pay, then the surety shall undertake to pay all costs adjudged against the Principal. Mandated at T.C.A. section 20-12-120 et seq.

Principal:                              KING OF KINGS, INC.
                                        By: _____
                                        Poovindran Pillay, President


Surety:                                 The Spratley Firm
                                        448 N. Cedar Bluff Ln. #356
                                        Knoxville, Tennessee 37923
                                        By: _____
                                        Derek L. Spratley BPR #016914
                                        Attorney

5

Exhibit A

# SWORN STATEMENT IN PROOF OF LOSS

| | | |
|---|---|---|
| **$3,026,800**<br>AMOUNT OF POLICY<br>**04-01-10**<br>DATE ISSUED<br>**04-01-11**<br>DATE EXPIRES | *"Any person who knowingly and with intent to defraud an insurance company or other persons, files a statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact, material thereto, commits a fraudulent act, which is a crime, subject to criminal prosecution and civil penalties"* | Claim #: **41A95678**<br>**BPMK 5633267832**<br>POLICY NUMBER<br>**DAYTON, TN**<br>AGENCY AT<br>**RONALD A TRAVIS**<br>AGENT |

To the **NATIONWIDE P&C INSURANCE CO.** At the time of loss, by the above indicated policy of insurance you insured; **KINGS OF KING LLC DBA SUPER 8 MOTEL** at **12942 CLEAR RIDGE RD KNOXVILLE, TN 37922-0619** against loss by **ALL PERILS** to the property described, according to the terms and conditions of the said policy and all forms, endorsements, transfers and assignments attached thereto.

1. **TIME AND ORIGIN:** A **WIND & WATER** loss occurred on or about the 28th day of FEBRUARY 2011 at 1590 OAK RIDGE ROAD, OAK RIDGE, TN 37830. The cause and origin of the said loss were : The roof was damaged result leaked causing water damage to the interior.

2. **OCCUPANCY:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: **HOTEL**

3. **TITLE AND INTEREST:** At the time of the loss the interest of your insured in the property described therein was: **OWNER** No other person or persons had / has any interest therein or encumbrance thereon, except: **CBBC (CITIZENS BANK of BLOUNT COUNTY) & GOODMAN – GABLE – COULD CO.**

4. **CHANGES:** Since the said policy was issued there has been no assignment thereof, or change of interest, use, occupancy, possessic location or exposure of the property described, except: **NONE**

5. **TOTAL INSURANCE:** The total amount of insurance upon the property described by this policy was, at the time of the loss; **$3,026,800.00**. As more particularly specified in the apportionment attached, besides which there was no policy or other contract of insurance, written or oral, valid or invalid

| | |
|---|---:|
| 6. THE FULL VALUE OF ALL INSURED PROPERTY AT THE TIME OF THE LOSS | $3,026,800.00 |
| 7. THE REPLACEMENT COST OF THE DAMAGED PROPERTY IS | $1,186,217.21 |
| 8. LESS DREPRECIATOIN | $0 |
| 9. THE UNDISPUTED ACTUAL CASH VALUE OF THE DAMAGED PROPERTY IS | $1,186,217.21 |
| 10. LESS POLICY DEDUCTIBLE (ABSROBED IN EXCESS OVER LIMIT) | $0 |
| 11. THE AMOUNT CLAIMED UNDER THE ABOVE NUMBERED POLICY IS | $1,186,217.21 |

The said loss did not originate by any act, design or procurement on the part of your insured, or this affidavit; nothing has been done by or with the privity or consent of your insured of this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned therein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

The Insured hereby covenants that no release has been or will be given to or settlement or compromise made with any third party who may be liable in damages to the Insured and the Insured in consideration of the payment made under this policy hereby subrogates the said Company to all rights and causes of action the said Insured has against any person, persons, or corporations whomsoever for damage arising out of or incident to said loss or damage to said property and authorizes said Company to sue in the name of the Insured but at the cost of the Company any such third party, pledging full cooperation in such action.

The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of **Tennessee**　　　County of **Anderson**

Insured _____

Subscribed and sworn to before me this **17** day of **Sept** 20**12**

_____ Notary Public　　　　　　　_____ ADJUSTER

My Commission Expires: 04/29/2015

Exhibit B

## King of Kings LLC d.b.a Super 8

### CLAIM FOR DAMAGES FROM 02-28-2011 EVENT

| INSURED | | NATIONWIDE | | SHORTAGE | |
|---|---|---|---|---|---|
| Claimed RCV | Claimed ACV | RCV | Pd ACV | | |
| **BUILDING** | | | | | |
| $ 852,749.76 | $ 824,688.46 | $ 741,113.04 | $ 518,959.58 | Due on ACV BASIS | $ 305,728.88 |
| **BUSINESS PERSONAL PROPERTY** | | | | | |
| Claimed RCV | Claimed ACV | RCV | Pd ACV | | |
| $ 246,636.45 | $ 207,871.74 | $ 120,749.70 | $ 67,279.31 | Due on ACV BASIS | $ 140,592.43 |
| **BUSINESS INCOME** | | | | | |
| Claimed RCV | Claimed ACV | RCV | Pd ACV | | |
| | $ 129,331.00 | | $ 68,638.87 | Due on ACV BASIS | $ 60,692.13 |
| $ 1,099,386.21 | $ 1,161,891.20 | $ 861,862.74 | $ 654,877.76 | | $ 507,013.44 |

State of Tennessee
Dept. of Commerce & Insurance
Service of Process
500 James Robertson Parkway
Nashville, TN 37243

CERTIFIED MAIL

7012 1010 0002 9224 4951

7012 1010 0002 9224 4951          4/5/13
NATIONWIDE PROPERTY & CASUALTY INS CO
800 S. GAY STREET, STE 2021, % C T CORP.
KNOXVILLE, TN 37929-9710

US POSTAGE $06.310
APR 08 2013
MAILED FROM ZIP CODE 37243
PITNEY BOWES
0004292626
02 1M

FIRST CLASS

IN THE CIRCUIT COURT FOR ANDERSON COUNTY, TENNESSEE

KING OF KINGS, INC.
12942 Clear Ridge Road
Knoxville, Tennessee 37922-0619

    Plaintiff

vs.                      No. B3LA0076

NATIONWIDE PROPERTY AND CASUALTY
INSURANCE COMPANY
with service of process through the Commissioner
of Insurance & Banking, Dept. of Commerce,
500 James Robertson Parkway
Nashville, Tennessee 37243



IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE, PLEASE CONTACT 865-463-6824

    Defendant

## SUMMONS

**TO:**  NATIONWIDE PROPERTY AND CASUALTY
       INSURANCE COMPANY
       Attention: Service of Process
       Tennessee Department of Commerce and Insurance
       500 James Robertson Parkway
       Davy Crockett Tower
       Nashville, Tennessee 37243

      You are hereby summoned and required to answer, in writing, the complaint which is herewith served upon you, and to serve a copy of same upon **Derek L. Spratley** Plaintiff's attorneys, whose address is ***448 N. Cedar Bluff Lane #356, Knoxville, Tennessee 37923*** within 30 days after service of this summons upon you, exclusive of the day of service.
      If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.
      Issued this 28th day of March, 2013. Witness, Barry E. Pelizzari, Clerk of said Court, at office in Anderson County, Tennessee.

                                               H. TYLER MAYES
                                               Clerk

                             By: _____
                                        Deputy Clerk

(This summons is issued pursuant to Rule 4 of the Tennessee Rules of Civil Procedures)

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these items include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

Received this _____ day of _____, 2013, _____, Deputy Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2013, I served this summons together with the complaint as follows: _____

failed to serve this summons within 30 days after its issuance because _____

_____
Deputy Sheriff/Process Server



**Service of Process Transmittal**
04/10/2013
CT Log Number 522488556

TO: Carrie Troesch
Nationwide Mutual Insurance Company
One Nationwide Plaza, 1-30-401
Columbus, OH 43215-2220

RE: **Process Served in Tennessee**

FOR: Nationwide Property and Casualty Insurance Company (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | King of Kings, Inc., Pltf. vs. Nationwide Property and Casualty Insurance Company, Dft. |
| DOCUMENT(S) SERVED: | Letter, Summons, Notice, Complaint, Cost Bond, Exhibit(s) |
| COURT/AGENCY: | Anderson County Circuit Court, TN<br>Case # B3LA0076 |
| NATURE OF ACTION: | Insurance Litigation - Defendant's breach of its contractual duty and failed to to pay plaintiff's claims filed under the policy No. ACP BPMK 5633267832 owned by the plaintiff |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Knoxville, TN |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/10/2013 postmarked on 04/08/2013 |
| JURISDICTION SERVED: | Tennessee |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service of the summons, exclusive of the date of service |
| ATTORNEY(S) / SENDER(S): | Derek L. Spratley<br>The Spratley Firm<br>448 N.Cedar Bluff Ln.<br>#356<br>Knoxville, TN 37923<br>865-740-1601 |
| REMARKS: | Process served/received by the Insurance Commissioner on April 5, 2013, and received by CT Corporation on April 8, 2013. |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 04/10/2013, Expected Purge Date: 04/15/2013<br>Image SOP |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Amy McLaren<br>800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710<br>800-592-9023 |

Page 1 of 1 / SS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

April 05, 2013

Nationwide Property & Casualty Ins Co
800 S. Gay Street, Ste 2021, % C T Corp.
Knoxville, TN 37929-9710
NAIC # 37877

Certified Mail
Return Receipt Requested
7012 1010 0002 9224 4951
Cashier # 8397

Re: King Of Kings, Inc. V. Nationwide Property & Casualty Ins Co

Docket # B3La0076

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served April 04, 2013, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
Anderson County
100 N. Main Street, Rm 313
Clinton, Tn 37716